UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BATMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MARION E. SPEARMAN,<br><br>    Defendant. | Case No. 14-cv-05013-JD<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

## DISCUSSION

### I.  STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## II.  LEGAL CLAIMS

The exact nature of this petition and the relief petitioner seeks are difficult to discern. Petitioner is currently incarcerated at the Correctional Training Facility in Soledad, CA.  He states he is in custody related to a 2013 conviction from Fresno County Superior Court for grand larceny.  However, petitioner does not present any claims, instead attaching various exhibits and state habeas petitions.

It appears, though the Court is not certain, that petitioner is challenging a 1992 plea agreement regarding indecent exposure.  At that time a conviction for indecent exposure (California Penal Code section 314) did not require sex-offender registration.  The law was subsequently changed and now requires registration for such convictions.  As a result, the Correctional Training Facility has classified petitioner as a sex offender and he seems to argue this is an Ex Post Facto violation.  Petitioner does not specify where the underlying conviction occurred.[1]

The petition will be dismissed with leave to amend.  Petitioner must clearly set forth the conviction he wishes to challenge, his claims, and where the conviction occurred.  If petitioner's claim involves sex-offender registration he must provide more information about the circumstances of the registration.  He is also informed that sex-offender registration pursuant to California Penal Code section 290 does not constitute retroactive punishment prohibited by the Ex Post Facto Clause nor violate the notice requirement under the Due Process Clause.  *Hatton v. Bonner*, 356 F.3d 955, 966, 968 (9th Cir. 2004) (upholding constitutionality of § 290 as non-punitive in light of Ex Post Facto challenge and finding no due process violation where petitioner presented no evidence of lack of actual knowledge of registration requirement); *see also Smith v. Doe*, 538 U.S. 84, 97-102 (2003) (finding Alaska's sex offender registration requirement was constitutional).

---

[1] A state habeas petition was denied on the merits by the Monterey County Superior Court. Petition at 36.  That court noted that the petition had been transferred from Santa Clara County to Fresno County to Monterey County, but it was still unclear the origins of the conviction. Regardless, the court denied the petition on the merits.

2

## CONCLUSION

1. The petition is **DISMISSED** with leave to amend. The amended petition must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page.

2. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED**.

Dated: December 29, 2014

_____
JAMES DONATO
United States District Judge

3

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BATMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARION E. SPEARMAN,<br><br>　　　　Defendant. | Case No.  14-cv-05013-JD<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on 12/29/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jason Batman
CTF Soledad
P.O. Box 705
Soledad, CA 93960


Dated: 12/29/2014


　　　　　　　　　　　　　　　　　　　　　Richard W. Wieking
　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court


　　　　　　　　　　　　　　　　　　　　　By: /s/ Lisa R. Clark
　　　　　　　　　　　　　　　　　　　　　LISA R. CLARK, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　Honorable JAMES DONATO